OPINION OF THE COURT
Harold Baer, Jr., J.
In this medical malpractice action, plaintiff, father of a son born in 1978 with the blood disease known as Thalassemia major (commonly known as Cooley’s anemia), seeks to recover the cost of extraordinary expenses that plaintiff has, and will, incur for his son’s special care.
The jury found that the defendant Dr. Wald was negligent in his care of plaintiff’s wife while she was pregnant, having reported to her that there was no risk that her baby, en ventre sa mere, would develop Thalassemia major. The only question remaining is whether plaintiff is entitled to recover damages in the amount of the extraordinary expenses for the expected lifetime of the child or only until the child reaches the age of 21. Some uncertainty as to the law on this issue led the court to ask the jury to compute damages for both. The confluence of statutory and decisional law leads me to conclude that damages are recoverable only until the child’s 21st birthday.
Plaintiff, arguing for recovery of damages for the balance of the child’s life, relies principally on the Court of Appeals opinion in Becker v Schwartz (46 NY2d 401, 413 [1978]). Becker was a landmark case in which the court held that regardless of negligence there could be no cause of action for “wrongful life” by a child bom in an impaired state. The court went on, however, to create a cause of action for the parents of the child, allowing *203 recovery for the expertises for the extraordinary care and treatment of the infant. In Becker, where the infant was born with Down’s Syndrome, the court permitted recovery by the parents of “the sums expended for the long-term institutional care of their retarded child.” (Supra, at p 415.) In Park v Chessin, Becker’s companion case, the court allowed the parents to recover “for the sums expended for the care and treatment of their child until her death.” (Supra, p 415.)
Plaintiff in the instant action at first argued that the language in Park (supra) indicates his entitlement to recovery throughout his son’s lifetime. However, he later acknowledged that his position is undermined by the fact that in Park the child died at the age of two and one-half and prior to the decision in the case. (Park v Chessin, 60 AD2d 80 [2d Dept 1977].)
The period for which damages are recoverable remains, apparently, an open question. Judge Matthew J. Jasen, who authored the majority opinion in Becker (supra), shed some light on this issue as he explained the breadth of Becker in a dissenting opinion in Kennedy v McKesson Co. (58 NY2d 500, 520 [1983]). “[In Becker] we allowed,” he opined, “only recovery for [the parents’] increased financial obligations resulting from the birth of the defective child *** In allowing recovery only in the amount of their increased financial obligations, we limited the legally cognizable injury for which recovery could be had to the duty owed.” (Supra, pp 519-520; emphasis supplied.)
The increased financial obligations borne by the parents do not extend, in the eyes of the law, beyond the child’s 21st birthday. The Legislature has chosen to terminate the parents’ legal responsibility for the support of their child at the age of 21. (See, Domestic Relations Law § 32 [3]; Social Services Law § 101 [1]; Family Ct Act § 413; 1966 NY Legis Ann, at 326.) Beyond that age, the State and the Federal Governments must assume the obligation to care for those in need and lacking the financial ability to pay.
Even if parental love compels the parents to continue to expend the necessary sums for their child’s care and treatment beyond the age of majority, such a moral obligation will not support a claim for damages. Any alternative might spawn inequities and is unacceptable. What would prevent parents, upon receiving an award of damages covering lifetime expenses, from abjuring their responsibility to pay after the child reaches majority. The parents, under the current statutory scheme, would gain an unmerited windfall at the physician’s — and ultimately, through higher medical costs, the public’s — ex *204 pense. (See, Sorkin v Lee, 78 AD2d 180 [4th Dept 1980, Simons, J.].)
It is clear, to me at least, that so long as it is only the parent — and not the infant — who has a cause of action for extraordinary, unanticipated expenses resulting from the preventable birth of a defective baby, damages are recoverable only up to the time the child turns 21.
Accordingly, judgment should be entered in the total amount of $522,555, which represents, as the jury found, the cost to the plaintiff of extraordinary care from the date of Samuel’s birth to the date of the trial and the cost of future expenses from the date of the trial up to Samuel’s 21st birthday.
The stay of entry of the judgment, granted at the conclusion of the trial, is vacated.